IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DEANDRAE THOMAS, | § | |
| | § | No. 485, 2019 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below – Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1009005841 (K) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 28, 2020
Decided: April 7, 2020

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

**O R D E R**

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, we conclude that the judgment below should be affirmed on the basis of and for the reasons assigned by the Superior Court's orders dated October 31, 2019 and November 21, 2019, which summarily dismissed the appellant's second motion for postconviction relief and denied his motion for reconsideration, respectively. The appellant has not overcome the procedural bars set forth in Superior Court Criminal Rule 61 because (1) he pled guilty and was not convicted after a trial and (2) he has not pled with particularity any new evidence of actual innocence or any new, retroactive rule of constitutional law that applies to his

case and renders his conviction invalid.[1]  Nor has he asserted any claim that the Superior Court lacked jurisdiction.[2]  Moreover, contrary to the appellant's assertion, the Superior Court did not err by applying the procedural rules contained in the version of Rule 61 that is currently in effect, rather than the version of Rule 61 that was in effect in 2012.[3]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

---

[1] DEL. SUPER. CT. CRIM. R. 61(d)(2).

[2] *Id.* R. 61(i)(5).

[3] *See Durham v. State*, 2017 WL 5450746 (Del. Nov. 13, 2017) (holding that procedural bars in the version of Rule 61 in effect at time of postconviction proceedings, rather than at time that conviction became final, applied to motion for postconviction relief); *Epperson v. State*, 2004 WL 906541 (Del. Apr. 26, 2004) (rejecting claim that denial of motion for postconviction relief under Rule 61 constituted an unconstitutional *ex post facto* violation because Rule 61 was adopted after the defendant's trial).